MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Tel.: (650) 694-4700
Fax: (650) 368-4818
E-mail: ccmoran@moranlaw.net

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 3

| | |
|---|---|
| In Re: | Chapter 13 |
| LISA ANNE MARTIN, | Bankruptcy No. 18-31327 |
| | Date: September 16, 2020 |
| | Time: 11:10 A.M. |
| | Place: By Telephone or Video |
| Debtor. | |
| _____ | HON. HANNAH L. BLUMENSTIEL |

**APPLICATION FOR COMPENSATION BY ATTORNEY FOR DEBTOR**

I

**INTRODUCTION**

A. Moran Law Group, Inc. ("applicant") is a corporation, all of whose attorneys are admitted to practice before the federal courts of the Northern District of California. The firm concentrates its practice in bankruptcy and related fields.

B. On or about February 26, 2019, applicant was employed to prepare and file necessary documents and to advise the debtor regarding the conduct of her Chapter 13 proceeding. Applicant received $1,000.00 as a retainer upon engagement. A plan in this case has been confirmed.

C. This application covers the period from February 26, 2019 through August 14,

2020 as set forth in the time summaries attached as Exhibits A through E.

  D. Applicant substituted into this case and therefore is filing this fee application for payment of it's fees.

  E. Applicant has made no promise to share, nor has she shared, any attorneys' fees in this matter with any other person. Applicant, to the best of her knowledge, represents no creditor of the debtor nor any interest adverse to the estate of the debtor herein. No promise of payment has been made nor has any payment been made, by any person to applicant on account of the services rendered by her to the debtor except as approved by this court.

  F. The undersigned certifies that she has read this application and to the best of her knowledge, information and belief, it conforms to the Guidelines for Compensation and Expense Reimbursement of Professionals promulgated by the judges of the Northern District of California and that the compensation and expense reimbursement requested are billed at rates no less favorable than those customarily employed by applicant and generally accepted by her clients.

II

**PROFESSIONAL SERVICES**

  The Moran Law Group and its predecessors have served debtors, creditors and trustees since 1980. Its two attorneys have a combined total of 71 years of bankruptcy experience. Cathleen Moran has been a certified specialist in bankruptcy law since 1996. The firm is organized to work as a team on client issues, so that client needs can be addressed promptly and by a professional with experience on the issue and immediate availability. Clients are clients of the firm, not of one attorney or the other.

A. <u>GENERAL MATTERS</u>

  Applicant substituted into this case in place of Debtor's original attorney approximately 2 ½ months after the commencement of the case. At that point, there was a motion for relief from stay pending; a motion by the trustee to dismiss the case; and a

continued 341 meeting scheduled in the upcoming week.

Debtor is a single mother of two teenagers; in the recent past, she has experienced health issues, some of which persist. She receives no support for her children, one of whom has special needs. At the commencement of the representation she was working two jobs, compensated in part by commissions.

The signature issue in this case is a priority tax debt of almost $180,000, along with an expected obligation for the year in which the case was filed. The post petition complications are centered in changing employment and further health issues.

In the first six weeks, Applicant responded to the pending motion for relief from stay with respect to Debtor's vehicle; supplied the trustee with requested documents; filed amended schedules and an amended plan; and revised the means test, going from a supposed $1,413 of disposable income to a negative $3,733 per month.

The trustee's lengthy list of deficiencies included the omission of creditors that were scheduled in a prior Chapter 13, which was dismissed. Applicant located and scheduled those creditors.

As better information became available over the ensuing months, a second round of amended schedules and a third amended plan were filed and the plan was confirmed in August, 2019.

Twice during this representation Applicant has defended motions by the trustee to dismiss the case for defaults in plan payments. A plan modification is currently in progress to adapt to a change of employment and the ensuing default.

More than most Chapter 13's, this case has featured lots of intense client counseling on budgeting and tax withholding, and constant reevaluation of payment options as illness and job changes impact the confirmed plan. Most recently an Amended Motion to Modify the Debtor's Chapter 13 plan was filed in February of 2020. A Motion to Dismiss was filed by the Trustee due to a misunderstanding by the Debtor as to when plan payments resumed. Once the debtor cured the plan payment default, the Trustee

withdrew the Motion to Dismiss and the Order Modifying Chapter 13 plan was signed on May 18, 2020.

The professional fees in the Chapter 13 Matter, including the estimated time to appear at the hearing on this application, amount to $16,609.25, as set out in Exhibit B.

The total fees of $18,621.75 are delineated amongst the various matters as follows:

- Chapter 13 Matter, including the estimated time to appear at the hearing on this application: $16,609.25, as set out in Exhibit B
- Claims Matter: $145.50, as set out in Exhibit C
- Plan Modification Matter: $921.50, as set out in Exhibit D
- Fee App Preparation Matter: $945.00, as set out in Exhibit E

B. CLAIMS MATTER

Counsel reviewed proofs of claim as filed. The professional fees in the Claims Matter amount to $145.50, as set out in Exhibit C.

C. REMAINING WORK

If this application is approved, counsel will undoubtedly have to modify the Debtor's Chapter 13 plan to provide for the fees approved and because the Debtor has been impacted by the Covid 19 pandemic.

D. EXPENSES INCURRED

During the period covered by this application, applicant incurred the sum of $1,165.80 as actual and necessary expenses more particularly itemized in the expense itemization that constitutes the expense schedule set out as Exhibit F. Applicant has been reimbursed for none of these expenses.

III

**PREPARATION OF FEE APPLICATION**

The professional fees incurred in the preparation of this application are $1,005.00. Applicant has reduced the fees by $60.00 to keep it within 5% as required by the compensation guidelines. Therefore Applicant is requesting fees of $945.00, which

represents 5% of the total fees.

IV

**SUMMARY**

In rendering the services described above, applicant expended 44.35 hours. The reasonable compensation for such services is $18,621.75, after allowances for discounted fees. The fees requested are $17,621.75.

WHEREFORE, Applicant requests that her fees of $17,621.75, and expenses of $1,165.80 be approved; and that the Trustee be authorized to pay Applicant $17,621.75, in fees, and $1,165.80, in unreimbursed expenses.

MORAN LAW GROUP, INC.

Dated: 08/14/2020      /s/ Renée C. Mendoza
RENÉE C. MENDOZA
Attorney for Debtor